# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50601
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2013

Lyle W. Cayce
Clerk

BETTY KAY MELVIN,
as Administratrix of Estate of James Whitehead, Deceased,

Plaintiff–Appellant,

versus

WILLIAM KARMAN, Individually and Officially
as Employee of San Antonio, Texas Police Department;
CITY OF SAN ANTONIO,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 5:11-CV-87

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50601

Betty Melvin, as administratrix of the estate of James Whitehead, sued under 42 U.S.C. § 1983, charging Officer William Karman with excessive force and the City of San Antonio with negligent hiring and supervision of Karman; Melvin also asserted a survival action against the city.

A magistrate judge recommended that defendants' motion for summary judgment be granted and plaintiff's motion for summary judgment be denied, and the district court agreed. Because plaintiff cannot point to sufficient evidence raising a genuine issue on whether excessive force was exerted, there is no error, and we affirm.

I.

The facts are mostly undisputed. At the time of the incident, Whitehead was on the ground and being attacked by three assailants. Karman was in the area, drew his gun, approached the assailants, and announced his presence. Two of the assailants fled; the third, Jesse Ramon, remained with a gun pointed at Whitehead, who was still on the ground. Ramon approached Karman, who repeatedly told Ramon to drop his weapon. Karman then shot five bullets, four of which struck Ramon; three of those entered and exited Ramon's body. One bullet entered Whitehead's body and killed him.

Neither the complaint nor the brief on appeal makes clear what plaintiff's theory precisely is. Plaintiff seems to think that, based on the location of Whitehead's body and its distance from Ramon, Karman intentionally shot and killed Whitehead. To be sure, the complaint avoids saying that directly but only alleges that "[o]ne of the bullets intentionally fired by Defendant Karman traveled straight into the body of James Whitehead." Further, "Karman intentionally, recklessly and with conscious indifference to the rights of James Whitehead pointed his gun directly at James Whitehead and fired one bullet directly into the body of James Whitehead, causing serious bodily injury, pain

and death." Finally, "Karman purposely, intentionally, recklessly and consciously shot a bullet into James Whitehead's body."

None of these statements alleges that Karman *intended* to shoot Whitehead. All they say is that Karman intentionally shot a bullet—which no one disputes—and that one of them hit Whitehead and killed him, also which no one questions. The complaint does allege, however, that Whitehead "was not in the direct line of fire with Ramon and was not directly behind Ramon at the time when shots were fired." Therefore, plaintiff seems to hope that a jury could surmise that Karman shot with the purpose of hitting Whitehead, thereby not only committing a crime but also using excessive force in violation of the Fourth Amendment.

The magistrate judge and district court found that (1) the city could not be held liable because plaintiff has pointed to no evidence of a custom or policy of using excessive force or failing to train its officers; (2) Karman could not be held liable because he did not "seize" Whitehead within the meaning of the Fourth Amendment, so there was no constitutional violation; and (3) in the alternative, Karman was entitled to qualified immunity because even if he intended to seize Whitehead, his use of force in the circumstances was not unreasonable according to clearly established law at the time. The second holding disposes of this case.

Indeed, if we interpret the complaint charitably, the magistrate judge's qualified-immunity analysis may be incorrect. If Karman intentionally seized Whitehead, then plaintiff's claim is that Karman used excessive force against *Whitehead*. One can hardly dispute that, if the sole target was Ramon, then using deadly force was not unreasonable. Because plaintiff seems to claim, however, that the excessive force was used against Whitehead—and surely the force was excessive if Karman intended to shoot Whitehead, for that

No. 13-50601

presumably would be a crime—the ultimate question is whether Karman had the purpose of shooting Whitehead.

## II.

To defeat summary judgment, plaintiff must point to competent evidence creating a genuine issue of material fact for trial. A mere scintilla of evidence is not enough. *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 572 (5th Cir. 2013). In other words, plaintiff must point to *some* evidence that Karman intended to shoot Whitehead. If Karman merely accidentally shot Whitehead, then all of the claims fail because the use of force against Ramon in the circumstances would not have been unreasonable.

Intent can be difficult to prove. Therefore, "the court must be vigilant to draw every reasonable inference from the evidence in the record in a light most flattering to the nonmoving party"; summary judgment may still be appropriate, however, "[e]ven in cases where elusive concepts such as motive or intent are at issue, . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991) (internal quotation marks omitted).

Plaintiff points to only one piece of evidence on summary judgment—the location of Whitehead's body in relation to Ramon's. It seems that plaintiff would like a jury to conclude that, based on the location of the body, Karman intentionally shot Whitehead. That is the only snippet of summary-judgment evidence plaintiff points to in the briefs and in the district court.

In light of all the other evidence, however, the location of the body is merely a scintilla of evidence that relies on extremely improbable inferences and speculation. In the first place, common sense supports Karman. Absolutely nothing in the record suggests that he, facing an armed assailant and

reasonably concerned for his own safety, took the time deliberately to direct one of his bullets for the purpose of hitting Whitehead, who was on the ground and an innocent victim of the assault the officer was attempting to end.

Moreover, there were several witnesses, as well as further evidence regarding the whereabouts of all the bullets, all of which corroborate Karman's common-sense version of events. All five witnesses state that Ramon was coming at Karman with a gun, that Karman ordered him to drop his gun, and that Karman fired five shots in the direction of Ramon (though not all the witnesses saw all five shots). Certainly, no witness claims that Karman fired a shot not in Ramon's direction. Finally, at least three bullets entered and exited Ramon's body, and there is no competent evidence suggesting that the fifth "stray" bullet is the one that hit Whitehead.

In short, there is no genuine issue for trial. The facts are unfortunate but not the stuff of a civil-rights suit. Karman tried to help the deceased, who was being assaulted by three individuals. Karman's life was in danger as one of the assailants approached him with a gun. Karman's use of force in the situation was not unreasonable. Because there was no constitutional violation, that is also sufficient to dispose of the claim against the city. The summary judgment is AFFIRMED.